1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   CHRISTOPHER M. WOOD (254908)
3  Post Montgomery Center
   One Montgomery Street, Suite 1800
4  San Francisco, CA 94104
   Telephone: 415/288-4545
5  415/288-4534 (fax)
   shawnw@rgrdlaw.com
6  cwood@rgrdlaw.com
       – and –
7  TRAVIS E. DOWNS III (148274)
   655 West Broadway, Suite 1900
8  San Diego, CA 92101
   Telephone: 619/231-1058
9  619/231-7423 (fax)
   travisd@rgrdlaw.com

SAXENA WHITE P.A.
MAYA SAXENA
JOSEPH E. WHITE
LESTER R. HOOKDER
2424 N. Federal Highway, Suite 257
Boca Raton, FL 33431
Telephone: 561/394-3399
561/394-3382 (fax)
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com

13  Co-Lead Counsel for Plaintiffs

14  [Additional counsel appear on signature page.]

15                UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17                      SAN JOSE DIVISION

| | |
|---|---|
| In re FINISAR CORP. DERIVATIVE LITIGATION | Master File No. C-06-07660-RMW |
| This Document Relates To: | REQUEST FOR CASE MANAGEMENT CONFERENCE AND JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND ORDER |
| ALL ACTIONS. | |

642337_1

Pursuant to Civil Local Rule 16-9, plaintiffs, nominal defendant Finisar Corporation ("Finisar" or the "Company") and Individual Defendants Jerry S. Rawls ("Rawls"), Stephen K. Workman and Michael C. Child ("Child") (collectively, "defendants") hereby submit this Request for Case Management Conference and Joint Case Management Conference Statement.[1]

Plaintiffs and defendants request that the Court schedule a case management conference to address the substantive and scheduling issues discussed in this Joint Case Management Conference Statement.

On April 26, 2011, the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") issued a Memorandum reversing this Court's order dismissing this shareholder derivative action on demand futility grounds and remanded the case for further proceedings (the "Remand Order"). Dkt. No. 107. On May 17, 2011, Finisar and certain Individual Defendants filed a petition for rehearing *en banc*. On July 8, 2011, the Ninth Circuit denied the petition for rehearing *en banc*. The Ninth Circuit's Mandate was filed in this action on July 19, 2011. Dkt. No. 109-1.

## I. JURISDICTION AND SERVICE

Based on the allegations set forth in plaintiffs' Supplemental Second Amended Consolidated Verified Shareholder Derivative Complaint ("SSAC"), this Court has jurisdiction of this matter under 28 U.S.C. §1331. No parties remain to be served.

## II. FACTS

### A. Brief Description of the Events Underlying the Action

This is a consolidated shareholders' derivative action brought on behalf of nominal defendant Finisar against certain current and former members of its Board of Directors (the "Board") and senior executives for alleged breaches of fiduciary duties, abuse of control, gross mismanagement, constructive fraud, corporate waste, unjust enrichment, breaches of California Corporations Code §25402, and violations of §10(b), Rule 10b-5, §14(a) and §20(a) of the Securities Exchange Act of

---

[1] Mr. Child previously has been represented by separate counsel, and that remains the case. Counsel for Finisar intends to withdraw representation of the other individual defendants. Two of those individuals, Mr. Rawls and Mr. Workman, have substituted in new counsel; Finisar expects that the remaining defendants will do the same.

1934 ("Exchange Act") in connection with Finisar's granting of and accounting for stock options. Plaintiffs allege that defendants allowed Finisar insiders to improperly divert millions of dollars of corporate assets via the manipulation of the grant dates associated with options awarded to insiders covering millions of shares of Finisar stock – a scheme commonly referred to as "backdating."

The Individual Defendants and Finisar deny all of plaintiffs' allegations. Defendants contend that virtually all of the improperly dated option grants that the Company determined had incorrect measurement dates were provided to rank-and-file employees or newly hired employees, not to the Individual Defendants, and that the Individual Defendants did not benefit personally from any improperly dated option grants. Defendants contend that plaintiffs' allegations are contradicted by the Audit Committee's special investigation, which determined that, although incorrect measurement dates had been selected for certain stock option grants, the errors were not attributable to fraud or malfeasance. Defendants contend that the evidence will show that the Individual Defendants acted as responsible corporate fiduciaries and did not violate any of their legal obligations or responsibilities.

**B.     Procedural Summary**

This action was commenced in December 2006. On March 8, 2007, plaintiffs filed the Consolidated Verified Shareholder Derivative Complaint. Dkt. No. 17. On June 6, 2007, pursuant to the parties' stipulation, the Court issued a Stipulation and Order Revising Briefing Schedule for Consolidated Complaint and Defendants' Response Thereto (the "Briefing Stipulation"). Dkt. No. 23.

On July 12, 2007, plaintiffs filed the First Amended Consolidated Verified Shareholder Derivative Complaint (the "FAC"). Dkt. No. 25. On August 28, 2007, Finisar and the Individual Defendants filed motions to dismiss the FAC. Dkt. Nos. 30-31, 34. Briefing was completed on November 21, 2007. Dkt. Nos. 39-40, 44-45.

On January 11, 2008, the Court issued an order granting Finisar and the Individual Defendants' motions to dismiss the FAC with leave to amend based on its finding that plaintiffs had failed to adequately allege that a demand on Finisar's Board would have been futile. Dkt. No. 49.

Plaintiffs' Second Amended Consolidated Verified Shareholder Derivative Complaint (the "SAC") was filed on May 12, 2008. Dkt. No. 60. The SAC named as defendants: Jerry S. Rawls, Stephen K. Workman, David Buse, John Drury, Joseph A. Young, Frank H. Levinson, Roger C. Ferguson ("Ferguson"), David C. Fries, Larry D. Mitchell, Robert N. Stephens ("Stephens"), Dominque Trempont ("Trempont"), Michael C. Child, Gregory H. Olsen, Harold E. Hughes, Jr., Mark J. Farley and Jan Lipson (collectively, the "Individual Defendants").[2] Subsequently, pursuant to the parties' stipulation and the Court's order, plaintiffs' SSAC was filed on May 21, 2008, which included additional allegations regarding plaintiffs' standing. Dkt. Nos. 62-65. Finisar and the Individual Defendants filed motions to dismiss the SSAC on July 1, 2008. Dkt. Nos. 67-68, 72. Briefing was completed on September 12, 2008. Dkt. Nos. 83, 85, 90-93.

On September 22, 2009, the Court issued an order granting defendants' motions to dismiss the SSAC with prejudice based on its finding that plaintiffs had still failed to adequately allege that a demand on Finisar's Board would have been futile (the "September 22, 2009 Order"). Dkt. No. 100. The Court did not reach the Individual Defendants' separate motions to dismiss for failure to state a claim, stating that "[b]ecause the court finds that these allegations do not suffice to excuse demand on the board, the court does not address the merits of the individual defendants' motions to dismiss." *Id.* at 8. The Court entered judgment that same day. Dkt. No. 101. On October 22, 2009, plaintiffs filed a Notice of Appeal with respect to the Court's September 22, 2009 Order and Judgment. Dkt. No. 102. Plaintiffs subsequently appealed the September 22, 2009 Order to the Ninth Circuit.

On April 26, 2011, the Ninth Circuit issued the Remand Order reversing the Court's dismissal based on its finding that plaintiffs had adequately alleged demand futility and remanded the case for further proceedings. Dkt. No. 107. The Ninth Circuit's Mandate was filed in this action on July 19, 2011. Dkt. No. 109-1.

---

[2] Defendants Larry D. Mitchell and Jan Lipson are now deceased. Richard B. Lieb, who was named as a defendant in the FAC, was not named in the operative SSAC, and hence he is no longer a defendant. Rawls, Child, Ferguson, Stephens and Trempont all currently serve on Finisar's Board of Directors.

### III. LEGAL ISSUES

The principal factual and legal issues which the parties dispute are:

(a) Whether the Individual Defendants violated the Exchange Act, specifically §§10(b), 14(a) and 20(a);

(b) Whether the Individual Defendants breached their fiduciary duties to the Company and its shareholders;

(c) Whether California insider trading laws, specifically Cal. Corp. Code §§25402 and 25502, apply to the officers and directors of a Delaware corporation;

(d) If the California insider trading laws apply, whether the Individual Defendants violated California insider trading laws, specifically Cal. Corp. Code §§25402 and 25502;

(e) Whether plaintiffs are entitled to an accounting from the Individual Defendants of expenses and damages resulting from the alleged backdating of stock options and the misallocation of expenses;

(f) Whether the Individual Defendants are liable to the Company for the alleged unjust retention of a benefit;

(g) Whether the Company is entitled to the remedy of rescission;

(h) Whether some or all of the claims against some of the Individual Defendants are barred by the statute of limitations, as established either by statute or by contract;

(i) Whether some or all of the claims are barred by Finisar's Certificate of Incorporation, By-laws, governing Delaware law and/or contractual agreements with one or more of the Individual Defendants;

(j) Whether plaintiffs have properly stated and can prove a claim for abuse of control, gross mismanagement, constructive fraud, and corporate waste; and

(k) Whether plaintiffs are able to prove damages.

In addition, Finisar contends that whether making demand on the Board would have been futile is a factual and legal issue that remains open past the pleading stage. Plaintiffs disagree and contend that the Remand Order fully resolves the issue of demand futility.

## IV. MOTIONS

Plaintiffs and defendants anticipate that they will file dispositive motions and discovery motions as may be necessary. As discussed more fully below, plaintiffs' position is that the Individual Defendants' motions to dismiss should not be adjudicated at this time. Defendants believe that such motions must be updated and adjudicated before any further litigation.

### A. Plaintiffs' Position

Plaintiffs' position is that there are no motions currently pending before the Court. The Individual Defendants filed motions to dismiss the SSAC for failure to state a claim on July 1, 2008. Dkt. Nos. 67-68, 72. The Court's September 22, 2009 Order stated that the Court did "not address the merits of the individual defendants' motions to dismiss" in light of its finding that plaintiffs had not adequately alleged that demand was excused. September 22, 2009 Order at 8. However, the Ninth Circuit found that plaintiffs' detailed allegations were sufficient to allege that a majority of Finisar's Board "would face a substantial likelihood of liability for the backdated options they granted or received," and held that "Plaintiffs 'point[ed] to specific grants, specific language in option plans, specific public disclosures, and supporting empirical analysis to allege *knowing and purposeful violations of shareholder plans and intentionally fraudulent public disclosures*.'" Remand Order at 5-6.

Indeed, this Court's September 22, 2009 Order found that Finisar had *admitted* that Rawls had engaged in backdating by "retroactively select[ing] more favorable grant dates," and that "[i]ntentionally employing hindsight to adjust the grant date to an advantageously low price, or 'backdating,' *is fraud*." September 22, 2009 Order at 10, 13. The September 22, 2009 Order also stated that there was "*a substantial likelihood of liability*" with respect to the members of Finisar's Compensation Committee, Ferguson and Child, who approved the April 29, 2003 grant which this Court found was properly alleged to be backdated. *Id.* at 19. At the very least, such findings make clear that this action will be proceeding into discovery with respect to critical defendants.

In light of such findings, plaintiffs' position is that the Individual Defendants' July 1, 2008, motions to dismiss are stale, and that filing renewed motions to dismiss at this time is unnecessary.

1   A far more efficient use of resources would be for Finisar to begin the production of relevant
2   documents by producing to plaintiffs:

3               (i)     the documents which were gathered and reviewed in the course of
4   Finisar's internal review; and

5               (ii)    all documents produced to the U.S. Securities and Exchange
6   Commission ("SEC") or other governmental entities in connection with these allegations.

7   Finisar has stated that its Audit Committee analyzed "thousands of documents and hundreds
8   of thousands of electronic mail and document files," during the course of their investigation, and has
9   represented to plaintiffs as recently as August 2011 that the documents gathered and reviewed in the
10  course of Finisar's internal review have been preserved.  The prompt production of such documents,
11  which is required in any event by Rule 26(a)(1) of the Federal Rules of Civil Procedure, would
12  expedite the resolution of this action and may even allow plaintiffs to voluntarily dismiss certain
13  defendants without the time and cost associated with the filing of renewed motions to dismiss.
14  Indeed, plaintiffs would be willing to discuss a temporary stay of the action, which would
15  substantially reduce the immediate incurrence of costs to Finisar and the Individual Defendants,
16  while plaintiffs review a production from the Company.  However, this action, which has already
17  been pending for over four years, should not be further delayed by renewed motions to dismiss at
18  this time.

19      **B.      Defendants' Position**

20  The Individual Defendants' position, in which Finisar joins, is that both this Court and the
21  Ninth Circuit's opinions decided only the issue of whether demand was excused in this shareholder
22  derivative action.  This Court explicitly reserved ruling on the Individual Defendants' motions to
23  dismiss (September 22, 2009 Order at 13), and the Ninth Circuit likewise did not decide or in any
24  way foreclose those motions.   In addition, this Court's and the Ninth Circuit's rulings did not
25  address any of the claims against those Individual Defendants who were not members of the Finisar
26  Board of Directors as of the date the lawsuit was filed, nor arguments pertaining to the running of the
27  statute of limitations that likely apply to certain of the challenged option grants and Individual
28

1  Defendants.  Accordingly, the Individual Defendants' motions to dismiss remain for this Court to
2  adjudicate.

3  Significantly, the Individual Defendants' motions to dismiss are subject to different pleading
4  standards than the standard that the Ninth Circuit applied to the motion to dismiss for failure to plead
5  demand futility.  Neither the pleading standards nor substantive law of Delaware (which the Ninth
6  Circuit applied) govern plaintiffs' federal securities law claims, which are subject among other
7  things to the heightened pleading standards of the Private Securities Litigation Reform Act of 1995
8  (the "PSLRA").  For example, the Ninth Circuit accepted plaintiffs' "Merrill Lynch type analysis,"
9  which plaintiffs' alleged evidenced that Finisar directors and officers approved or received
10 backdated stock options, based on the Ninth Circuit's conclusion that "Delaware courts accept this
11 type of analysis as sufficient to plead with particularity and attain exemption from the demand
12 requirement, even where the analysis does not conclusively show that backdating in fact occurred."
13 Memorandum Opinion at 7.  Plaintiffs' federal securities law claims, however, are subject to
14 stricter scrutiny and must be adjudicated under federal, not Delaware law.  The federal PSLRA, for
15 example, requires plaintiffs to allege particularized facts giving rise to a "strong inference" that the
16 Individual Defendants acted with the state of mind required to violate Section 10(b) of the Exchange
17 Act and Rule 10b-5, *i.e.*, deliberately reckless or conscious misconduct.  15 U.S.C. § 78u-4(b)(2); *In
18 re Silicon Graphics, Inc. Securities Litig.*, 183 F.3d 970, 974 (9th Cir. 1999).  To satisfy this
19 requirement, the inference of scienter drawn from plaintiffs' complaint "must be more than merely
20 plausible or reasonable[.]"  *Tellabs v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2504-05 (2007).
21 Plaintiffs' federal securities law claims have yet to be assessed under this exacting federal standard.

22 More than three years have passed since the Individual Defendants' motions to dismiss were
23 filed with this Court.  Since that time, Supreme Court and Ninth Circuit decisions significantly have
24 changed or clarified standards governing Section 10(b) liability.  Most notably, the Supreme Court in
25 *Janus Capital Group, Inc. v. First Derivative Traders*, No, 09-525, ___ U.S. ___ (June 13, 2011),
26 repudiated  Ninth Circuit case law that had held that a defendant who did not sign an SEC filing
27 could be liable for the filing on the basis that he or she had "substantially participated" in its drafting.
28 Application of the *Janus Funds* holding will reduce the number of Individual Defendants who could

1  conceivably have liability for violations of Section 10(b), apart from the application of any other
2  pleading rules.  In addition, recent decisions have construed the PSLRA's heightened pleading
3  requirements and therefore bear upon the Individual Defendants' motions to dismiss. The Individual
4  Defendants respectfully request that the Court (1) permit them to update the motion to dismiss
5  briefing to address these and other legal developments and (2) set an appropriate schedule for the
6  hearing of those motions.

7  **V.    AMENDMENT OF PLEADINGS**

8  The SSAC was filed on May 21, 2008. Plaintiffs do not intend to amend the complaint at
9  this time. Plaintiffs intend to amend the SSAC to conform to the evidence as necessary pursuant to
10 Fed. R. Civ. P. 15. Defendants reserve all rights with respect to any such proposed amendment.

11 **VI.   EVIDENCE PRESERVATION AND ELECTRONIC DISCOVERY**

12 The parties have not discussed disclosure and discovery of electronically stored information
13 in detail. Finisar has advised plaintiffs that it has taken appropriate steps to preserve relevant
14 evidence.

15 **VII.  DISCLOSURES**

16 The parties have not exchanged initial disclosures. Plaintiffs believe that, particularly in light
17 of the length of time that this action has been pending, Finisar should commence initial disclosures
18 immediately. The Individual Defendants and Finisar believe that the automatic stay of discovery
19 under the PSLRA continues to apply, as the SSAC asserts claims under the Exchange Act and there
20 are pending motions to dismiss.

21 **VIII.  DISCOVERY AND PRE-TRIAL SCHEDULING**

22 No discovery has been taken to date.

23 **A.     Plaintiffs' Position**

24 Plaintiffs' position is that because they have adequately alleged that a demand on Finisar's
25 Board would have been futile, any discovery stay that might have previously applied is no longer in
26 effect. *See In re Openwave Sys. Inc. S'holder Derivative Litig.*, 503 F. Supp. 2d 1341, 1352-53
27 (N.D. Cal. 2007) (citing with approval *In re First Bancorp Derivative Litigation*, 407 F.Supp.2d 585
28 (S.D.N.Y. 2006) for the proposition that "'derivative actions are not automatically subject to the

1  discovery stay of the PSLRA,'" granting a discovery stay only "until such time as plaintiffs are able
2  to meet the requirements of Rule 23.1"). Because the Ninth Circuit's opinion found that plaintiffs
3  had met the requirements of Rule 23.1, no further discovery stay is warranted and Finisar should
4  begin its initial disclosures by producing the documents collected in the course of its internal review
5  immediately.

6  Plaintiffs propose the following schedule for the completion of discovery.

| EVENT | PROPOSED DATE |
|---|---|
| Begin Rule 26(a)(1) Initial Disclosures | Immediately |
| Commencement of Fact Discovery | Immediately |
| Close of Fact Discovery | April 10, 2012 |
| Rule 26(a)(2) Expert Disclosures | May 15, 2012 |
| Rebuttal Expert Disclosures | June 12, 2012 |
| Expert Depositions | July 2012 |
| Last Day for Filing Dispositive Motions | September 7, 2012 |

**B. Defendants' Position**

The Individual Defendants and Finisar believe that the automatic stay of discovery under the PSLRA continues to apply, as the SSAC asserts claims under the Exchange Act and there are pending motions to dismiss. Contrary to Plaintiffs' contention, the automatic stay continues in effect until these motions are resolved. The automatic stay precludes any discovery, including documents collected during the investigation. The pending motions are not a mere formality nor is it certain, as plaintiffs suggest, that the action will proceed to discovery against some defendants since, as discussed above, the motions address significant substantive and as yet unadjudicated issues. *Openwave Systems*, cited by Plaintiffs, held that the stay applies in derivative lawsuits, notwithstanding the argument of plaintiffs in that case that it did not. *Openwave Systems* quoted from a Southern District of New York case, *First Bancorp*, for that proposition. *First Bancorp* applied the PSLRA discovery stay to a derivative lawsuit whose allegations paralleled those of a pending securities fraud class action--even where the derivative lawsuit, unlike the SSAC, did not assert federal securities law claims. Consequently, neither *First Bancorp* nor *Openwave Systems* supports the proposition that the PSRLA discovery stay has been lifted when and because demand

1  futility is pleaded, where there are still pending motions to dismiss the federal securities claims.

2  Accordingly, in light of the PSLRA's mandatory discovery stay and other scheduling considerations,

3  Plaintiffs' proposed schedule is untenable.

4       **C.**     **Limitation on Discovery**

5       Under Fed. R. Civ. P. 30, each party is permitted to take ten depositions. Under Fed. R. Civ.

6  P. 33, each side is permitted to propound 25 interrogatories. Plaintiffs propose that the Court should

7  order that the limitation set forth in Fed. R. Civ. P. 30 be adjusted to a total of 40 depositions for

8  plaintiffs and a total of 40 depositions for defendants, and the limitation set forth in Fed. R. Civ. P.

9  33 be adjusted to 60 interrogatories total for all plaintiffs and 30 interrogatories for each defendant.

10  Defendants believe that it is premature to deviate from the limitations on discovery under the Federal

11  Rules of Civil Procedure.

12       **D.**     **Dispositive Motions**

13       Plaintiffs believe that dispositive motions, including any motions for summary judgment,

14  should be filed no later than September 7, 2012.

15       Finisar and the Individual Defendants believe that dispositive motions, including any motions

16  for summary judgment, should be filed within 15 months following the filing of the answers in the

17  event that motions to dismiss do not resolve the case. However, we expect that the time for expert

18  reports and discovery will need to be lengthened beyond the time proposed by plaintiffs given the

19  number and complexity of issues in the case.

20  **IX.**     **CLASS ACTIONS**

21       There are no relevant class actions currently pending against the Company.

22  **X.**     **RELATED CASES**

23       There are no related cases currently pending against the Company in any United States

24  District Court. There is a related derivative lawsuit asserting similar claims in Santa Clara County

25  Superior Court. That case has been stayed by Court order, pending the resolution of this case.

26  **XI.**     **RELIEF**

27       Plaintiffs seek damages on behalf of Finisar for the harm caused by the Individual

28  Defendants' backdating of stock options. Plaintiffs also seek rescission of certain stock option

1  grants, disgorgement of illegal insider trading proceeds, treble damages for insider trading under
2  California law, and repayment of attorney fees paid by Finisar on behalf of the Individual
3  Defendants for defense of this action.

4  **XII.  SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION**

5  The parties have not engaged in any mediation or ADR, but are considering mediation.

6  **XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

7  The parties do not consent to assignment of this case to a magistrate for further proceedings.

8  **XIV.  OTHER REFERENCES**

9  N/A.

10  **XV.  NARROWING OF ISSUES**

11  Through the meet-and-confer and discovery process, including the Initial Disclosures and
12  dispositive motions, plaintiffs expect that the issues in this case will be narrowed.

13  **XVI.  EXPEDITED SCHEDULE**

14  The parties do not believe that this is the type of case that can be handled on an expedited
15  basis with streamlined procedures.

16  **XVII.  TRIAL**

17  Plaintiffs request a jury trial in 2012, and currently estimate that the trial will last for
18  approximately 15 court days.  Plaintiffs believe that a more accurate assessment of the length of the
19  trial can be determined after the scope of the claims are determined and after discovery on such
20  claims.  Defendants believe that if the case goes to trial, 2013 is a more realistic time estimate.

21  **XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

22  At this time, the parties have no such disclosures.

23  **XIX.  MISCELLANEOUS TOPICS**

24  **A.  Service of Court Filings**

25  All documents filed with the Court shall be filed electronically on the ECF website and
26  service shall be accomplished consistent with the procedures in General Order No. 45.  In the event
27  that the ECF system is unavailable, service of the Court filings shall be accomplished as follows: (1)
28  pleadings, motions and briefs shall be served by facsimile or electronic mail on the day of filing,

1   with overnight delivery the same day of a complete copy of the pleading, motion or brief, and any
2   supporting documents, including exhibits; or (2) any filing may be served by hand on the same day
3   of the filing.

4     **B.**  **Service of Documents Not Filed with the Court**

5     For documents not simultaneously filed with the Court, such as discovery requests and
6   responses thereto (other than items being produced as discovery), counsel for the parties shall serve
7   each other by fax or electronic mail on the day of service, with overnight delivery of the document
8   and any supporting materials, unless the parties mutually agree otherwise.

9   **XX.** **MODIFICATION OF THIS ORDER**

10    The parties reserve the right to seek Court modification of this order.

11
12  DATED: August 19, 2011    ROBBINS GELLER RUDMAN
                & DOWD LLP
             SHAWN A. WILLIAMS
13               CHRISTOPHER M. WOOD

14

15                /s/ Christopher M. Wood
               CHRISTOPHER M. WOOD
16
             Post Montgomery Center
17               One Montgomery Street, Suite 1800
             San Francisco, CA  94104
18               Telephone:  415/288-4545
             415/288-4534 (fax)
19
             ROBBINS GELLER RUDMAN
20                 & DOWD LLP
             TRAVIS E. DOWNS III
21               655 West Broadway, Suite 1900
             San Diego, CA  92101
22               Telephone:  619/231-1058
             619/231-7423 (fax)
23
             SAXENA WHITE P.A.
24               MAYA SAXENA
             JOSEPH E. WHITE
25               LESTER R. HOOKER
             2424 N. Federal Highway, Suite 257
26               Boca Raton, FL  33431
             Telephone:  561/394-3399
27               561/394-3382 (fax)

28               Co-Lead Counsel for Plaintiffs

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:  August 19, 2011 | DLA PIPER<br>DAVID A. PRIEBE |
| 3 | | |
| 4 | | _____/s/ David A. Priebe_____<br>DAVID A. PRIEBE |
| 5 | | 2000 University Avenue |
| 6 | | East Palo Alto, CA 94303-2214<br>Telephone: 650/833-2000 |
| 7 | | 650/833-2001 (Fax) |
| 8 | | Counsel for Nominal Defendant Finisar<br>Corporation |
| 9 | DATED:  August 19, 2011 | WILSON SONSINI GOODRICH & ROSATI,<br>Professional Corporation |
| 10 | | |
| 11 | | _____/s/ Jared L. Kopel_____<br>JARED L. KOPEL |
| 12 | | |
| 13 | | 650 Page Mill Road<br>Palo Alto, CA 94304-1050 |
| 14 | | Telephone:  650/493-9300<br>650/565-5100 (fax) |
| 15 | | |
| 16 | | Counsel for Defendant Jerry S. Rawls |
| 17 | DATED:  August 19, 2011 | GOODWIN PROCTER LLP |
| 18 | | _____/s/ Lloyd Winawer_____ |
| 19 | | LLOYD WINAWER |
| 20 | | 135 Commonwealth Drive<br>Menlo Park, CA  94025 |
| 21 | | Telephone:  650/752-3100<br>650/853-1038 (fax) |
| 22 | | |
| 23 | | GOODWIN PROCTER LLP<br>STEPHEN D. POSS |
| 24 | | Exchange Place<br>53 State Street |
| 25 | | Boston, MA  02109<br>Telephone:  617/570-1094 |
| 26 | | 517/523-1231 (fax) |
| 27 | | Counsel for Defendant Michael C. Child |
| 28 | | |

642337_1   REQUEST FOR CASE MANAGEMENT CONFERENCE AND JOINT CASE MANAGEMENT
CONFERENCE STATEMENT - C-06-07660-RMW                                                                      - 13 -

| | | |
|---|---|---|
| 1 | DATED:  August 19, 2011 | HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN, P.C. |

                                                    /s/ Sarah A. Good
                                              SARAH A. GOOD

Three Embarcadero Center, Seventh Floor
San Francisco, CA  94111-4024
Telephone:  415/434-1600
415/677-6262 (fax)

Counsel for Defendant Stephen K. Workman

      I, Christopher M. Wood, am the ECF User whose ID and password are being used to file this Request for Case Management Conference and Joint Case Management Conference Statement.  In compliance with General Order 45, X.B., I hereby attest that David A. Priebe, Jared L. Kopel, Lloyd Winawer and Sarah A. Good have concurred in this filing.

                                                /s/ Christopher M. Wood
                                              CHRISTOPHER M. WOOD

*   *   *

**O R D E R**

IT IS SO ORDERED.

DATED:  ̌8/30/11

THE HONORABLE RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

The court sets a Case Management Conference for October 7, 2011.