**E-FILED on**   2/24/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re FINISAR CORP. DERIVATIVE LITIGATION<br><br>This Document Relates To:<br>    ALL ACTIONS. | No. C-06-07660 RMW<br><br>ORDER REGARDING DISCOVERY STAY<br><br>**[Re Docket Nos. 122, 123]** |

At the Case Management Conference on September 16, 2011, the court heard plaintiffs' request to lift the existing stay of discovery pending the disposition of the individual defendants' motions to dismiss plaintiffs' Second Amended Complaint for failure to state claims under the PSLRA. The court authorized the filing of letter briefs addressing plaintiffs' request. For the reasons given below, the court finds that the stay should remain in effect pending resolution of the individual defendants' motions to dismiss.

## I. BACKGROUND

Plaintiffs in this consolidated shareholder derivative action allege that certain current and former senior executives and members of nominal defendant Finisar's Board allowed Finisar insiders to improperly backdate stock option grant dates and to report financial reports that were false by

ORDER —06-07660 RMW
MEC

virtue of their failure to record required compensation expenses. The court granted Finisar's motion to dismiss the First Amended Complaint, with leave to amend, on demand futility grounds. After plaintiffs filed the Second Amended Complaint, Finisar again moved to dismiss the complaint on demand futility grounds. The court granted Finisar's motion to dismiss the SAC with prejudice on September 22, 2009. In doing so, it did not reach the separately filed individual defendants' motions to dismiss. On April 26, 2011, the Ninth Circuit ruled that plaintiffs had sufficiently alleged demand futility under Delaware law and remanded the action. The court has granted the individual defendants leave to file updated briefs in support of their separate motions to dismiss. Now before the court is the issue of whether the stay issued pursuant to 15 U.S.C. § 78u-4(b)(3)(B) that has been in effect since this action was filed should be lifted before the court considers the individual defendants' pending motions to dismiss.

## II. ANALYSIS

The PSLRA provides, in pertinent part:

> Stay of discovery. In any private action arising under this title [15 U.S.C. §§ 78a et seq.], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B).

The Ninth Circuit has not addressed whether the PSLRA's discovery stay applies to derivative actions also asserting federal securities law claims; in other words, whether "any private action" includes derivative actions. However, a number of courts of this district have now applied the PSLRA discovery stay to derivative actions that do not include class claims. *See, e.g., In Re Marvell Tech. Grp. Ltd. Derivative Litig.*, No. C-06-03894-RMW, 2007 WL 1545194 (N.D. Cal. May 29, 2007); *Melzer v. CNET Networks, Inc.*, No. C 06-03817 WHA, 2006 WL 3716477 (N.D. Cal. Dec. 15, 2006); *see also In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) ("While no circuit court has addressed the issue, district courts have frequently applied the PSLRA to stay discovery in shareholder derivative actions that allege violations of federal law."). The court follows the reasoning of those cases and applies Section 78u-

4(b)(3)(B) to this derivative action.

Section 78u-4(b)(3)(B) clearly states that the stay remains in effect during the pendency of "*any* motion to dismiss" (emphasis added). Moreover, "the Ninth Circuit has interpreted the automatic stay on all discovery under the PSLRA as applying not only when a motion to dismiss is pending, but from the filing of the case until such time that 'the court has sustained the legal sufficiency of the complaint.'" *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d 1103, 1105 (C.D. Cal. 2007 (quoting *SG Cowen Sec. Corp. v. U.S. Dist. Court for NDCA*, 189 F.3d 909, 911 (9th Cir. 1999). The court finds that the plain language of the state requires a stay. Plaintiffs overstate the holding in *In re Openwave Sys.*, 503 F. Supp. 2d at 1353 (N.D. Cal. 2007). The court in *Openwave* invoked its authority to stay discovery until demand futility was demonstrated, but did not say that discovery should be stayed only until a demand futility motion has been denied, but not during the pendency of other motions to dismiss. The court has not yet passed on the sufficiency of plaintiffs' claims against the individual defendants, and nothing in the Ninth Circuit order or this court's order dismissing the SAC demonstrates that the plaintiffs have adequately pled their claims against the individual defendants under the PSLRA's heightened pleading standard. The clear language of the PSLRA demonstrates that the discovery stay is to remain in effect during the pendency of those motions "unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or prevent undue prejudice to that party." 15 U.S.C. §78u-4(b)(3)(B).

Plaintiffs argue that their requests are adequately particularized and that they have shown prejudice sufficient to warrant a lift of the stay. The court disagrees. Plaintiffs primarily contend, in slightly different terms, that the PSLRA discovery stay was not intended to apply to derivative actions after the denial of a motion to dismiss on the basis of demand futility. For the reasons stated above, the court disagrees with this argument.

Plaintiffs argue that their request for documents collected in connection with Finisar's internal investigation is sufficiently particularized because it seeks "a clearly defined universe of documents." *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 301, 306 (S.D.N.Y. 2002). The request would cover "thousands of documents and hundreds of thousands of electronic mail and document

ORDER —06-07660 RMW
MEC                                             3

files." (Joint Case Management Statement, Dkt. 113, at 6.) This request, which appears to cover all documents relevant to this litigation, is not sufficiently particularized to justify application of an exception to the PSLRA discovery stay. *In re WorldCom* involved a unusual set of facts where plaintiffs were the "only major party in the criminal and civil proceedings without access to documents that currently form the core of [the] proceedings." 234 F. Supp. 2d at 305-06. There are no similar concerns in this case.

In addition, the only prejudice that plaintiffs identify is the fact that Finisar is paying for defendants' legal costs, and that providing plaintiffs with documents "will only serve to expedite this litigation and the resolution of plaintiffs' claims and will reduce Finisar's costs." (October 7, 2011 Letter from Christopher Wood, at 5.) The delay of several months and the expense to Finisar associated with filing defendants' motions is not undue prejudice within the meaning of § 78u-4(b)(3)(B). The delay faced by plaintiffs "is inherent in every PSLRA-mandated discovery stay." *Kuriakose v. Federal Home Loan Mortg. Co.*, 674 F. Supp. 2d 483 (S.D.N.Y. 2009), and plaintiffs do not explain how possible prejudice to Finisar could constitute undue prejudice to the party moving to lift the stay.

### III. ORDER

Plaintiffs' motion to lift the stay is denied pending resolution of defendants' motions to dismiss.

DATED:      February 24, 2012

_____
RONALD M. WHYTE
United States District Judge

ORDER —06-07660 RMW
MEC                                    4