ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
CHRISTOPHER M. WOOD (254908)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
cwood@rgrdlaw.com
       – and –
TRAVIS E. DOWNS III (148274)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
travisd@rgrdlaw.com

SAXENA WHITE P.A.
MAYA SAXENA
JOSEPH E. WHITE
2424 N. Federal Highway, Suite 257
Boca Raton, FL  33431
Telephone:  561/394-3399
561/394-3382 (fax)
msaxena@saxenawhite.com
jwhite@saxenawhite.com

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re FINISAR CORP. DERIVATIVE LITIGATION | Master File No. C-06-07660-RMW-HRL |
| This Document Relates To:<br><br>    ALL ACTIONS. | [CORRECTED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE |

865408_1

WHEREAS, Plaintiffs having moved, pursuant to Federal Rule of Civil Procedure 23.1, for an order (i) preliminarily approving the proposed derivative settlement of the Federal Action (the "Settlement"), in accordance with a Stipulation of Settlement, dated June 24, 2013 (the "Stipulation"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed Settlement and dismissal of the Federal Action with prejudice, upon the terms and conditions set forth therein; and (ii) approving for distribution of the Notice of Proposed Derivative Settlement (the "Notice"); and

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, this Court, having considered the Stipulation and the Exhibits annexed thereto and having heard the arguments of the Settling Parties at the preliminary approval hearing:

NOW THEREFORE, IT IS HEREBY ORDERED:

1. This Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Federal Action.

2. A hearing (the "Settlement Hearing") shall be held before this Court on October 18, 2013, at 9:00 a.m., 2112 Robert F. Peckham Federal Building and United States Courthouse, 280 South First Street, San Jose, California, to determine whether the Settlement of the Federal Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to Finisar Corporation ("Finisar") and its stockholders and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered herein; and whether to award attorneys' fees and expenses to Plaintiffs' Counsel.

3. The Court approves, as to form and content, the Notice of Proposed Derivative Settlement annexed as Exhibit A-1 (the "Long-Form Notice") hereto and the Short Form Notice of Proposed Derivative Settlement annexed as Exhibit A-2 (the "Summary Notice"), and finds that the publication of the Long-Form Notice, Summary Notice and Stipulation substantially in the manner and form set forth in this Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and

due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Not later than five (5) business days following entry of this Order, Finisar shall: (a) cause a copy of the Summary Notice, substantially in the form annexed as Exhibit A-2 hereto, to be published one time in the national edition of *Investor's Business Daily,* (b) cause a copy of the Long-Form Notice, substantially in the form annexed as Exhibit A-1 hereto, and the Stipulation to be filed with the U.S. Securities and Exchange Commission ("SEC") on an SEC Form 8-K or other appropriate filing, and (c) publish the Stipulation and Long-Form Notice on an Internet page created by Finisar that will be accessible via Finisar's website, the address of which shall be contained in the Long-Form Notice and Summary Notice.

5. Not later than twenty-one (21) days after Finisar has complied with ¶4, Finisar's counsel shall serve on Plaintiffs' Counsel and file with the Court proof, by affidavit or declaration, of such publication.

6. All Finisar stockholders shall be bound by all orders, determinations and judgments in the Federal Action concerning the Settlement, whether favorable or unfavorable to Finisar's stockholders.

7. Pending the Effective Date, all proceedings and discovery in the Federal Action shall be stayed except as otherwise provided for in the Stipulation, and no party to the Federal Action or any Finisar stockholders shall file or prosecute any action or proceeding in any court or tribunal relating to the Settlement or asserting any of the Released Claims against the Released Persons.

8. All papers in support of the Settlement and the separately negotiated attorneys' fees and expenses shall be filed with the Court and served at least thirty-five (35) calendar days before the Settlement Hearing and any reply briefs shall be filed with the Court at least seven (7) calendar days before the Settlement Hearing.

9. Any current Finisar stockholder may appear and show cause, if he, she or it has any reason why the terms of the Settlement of the Federal Action should not be approved as fair, reasonable and adequate, or why the District Court Approval Order and Judgment should not be entered thereon, provided, however, unless otherwise ordered by the Court, no current Finisar

stockholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement, or, if approved, the District Court Approval Order and the Judgment to be entered thereon approving the same, unless that Person has, at least twenty-one (21) calendar days before the Settlement Hearing, filed with the Clerk of the Court and served on the following counsel (delivered by hand or sent by first class mail) appropriate proof of stock ownership, along with written objections, including the basis therefore, and copies of any papers and briefs in support thereof:

*Counsel for Federal Plaintiffs*

Jeffrey D. Light
ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

*Counsel for Nominal Party Finisar and Defendants David Fries, Harold Hughes and Gregory Olsen*

Shirli Fabbri Weiss
DLA PIPER LLP
401 B Street, Suite 1700
San Diego, CA  92101

*Counsel for Defendants Stephen K. Workman, David Buse, John Drury, Mark Farley, Jan Lipson, Joseph Young, Fariba Danesh and Dallas W. Meyer*

Sarah A. Good
PILLSBURY WINTHROP SHAW
   PITTMAN LLP
Four Embarcadero Center
22nd Floor
San Francisco, CA  94111

*Counsel for Defendants Michael C. Child, Roger C. Ferguson, Frank H. Levinson, Robert N. Stephens and Dominique Trempont*

Lloyd Winawer
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA  94025

*Counsel for Defendant Jerry S. Rawls*

Jared L. Kopel
LAW OFFICES OF JARED L. KOPEL
303 Almaden Blvd., Suite 520
San Jose, CA  95110

1  The written objections and copies of any papers and briefs in support thereof to be filed in Court
2  shall be delivered by hand or sent by first class mail to:

3            Clerk of the Court
          UNITED STATES DISTRICT COURT
4            NORTHERN DISTRICT OF CALIFORNIA
          2112 Robert F. Peckham Federal Building
5              and United States Courthouse
          280 South First Street
6            San Jose, CA  95113

7  Any current Finisar stockholder who does not make an objection in the manner provided herein shall
8  be deemed to have waived such objection and shall forever be foreclosed from making any objection
9  to the fairness, reasonableness or adequacy of the Settlement as incorporated in the Stipulation and
10 to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the
11 Court, but shall otherwise be bound by the District Court Approval Order and the Judgment to be
12 entered and the releases to be given.

13       10.     Neither the Stipulation nor the Settlement, including the Exhibits attached thereto, nor
14 any act performed or document executed pursuant to or in furtherance of the Stipulation or the
15 Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any
16 way as a concession, admission, or evidence of the validity of any Released Claims or any fault,
17 wrongdoing or liability of the Released Persons or Finisar; or (b) is or may be deemed to be or may
18 be used as a presumption, admission, or evidence of any liability, fault or omission of any of the
19 Released Persons or Finisar in any civil, criminal or administrative or other proceeding in any court,
20 administrative agency, tribunal or other forum.  Neither the Stipulation nor the Settlement, nor any
21 act performed or document executed pursuant to or in furtherance of the Stipulation or the
22 Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the
23 Settlement, and except that the Released Persons may file or use the Stipulation, the District Court
24 Approval Order and/or the Judgment in any action that may be brought against them in order to
25 support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith
26 and credit, release, standing, judgment bar or reduction or any other theory of claim preclusion or
27 issue preclusion or similar defense or counterclaim.
28

865408_1   [CORRECTED] ORDER PRELIMINARILY APPROVING DERIVATIVE
SETTLEMENT AND PROVIDING FOR NOTICE - C-06-07660-RMW-HRL     - 4 -

11. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Finisar stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Finisar stockholders.

IT IS SO ORDERED.

DATED: __8/15/2013__   _/s/ Ronald M. Whyte_
THE HONORABLE RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

Submitted by,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
CHRISTOPHER M. WOOD


      s/Shawn A. Williams
      SHAWN A. WILLIAMS

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRAVIS E. DOWNS III
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

SAXENA WHITE P.A.
MAYA SAXENA
JOSEPH E. WHITE
2424 N. Federal Highway, Suite 257
Boca Raton, FL 33431
Telephone: 561/394-3399
561/394-3382 (fax)

Co-Lead Counsel for Plaintiffs